UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**EARTH SCIENCE TECH, INC.**

      **Plaintiff,**

v.

**CROMOGEN BIOTECHNOLOGY CORPORATION,** *et al.,*

      **Defendants.**

Case No. 9:14-cv-81622-RLR

**JUDGMENT CREDITOR CROMOGEN BIOTECHNOLOGY CORPORATION'S
*EX PARTE* POST-JUDGMENT MOTION FOR TEMPORARY RESTRAINING ORDER
AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, Judgment Creditor, Cromogen Biotechnology Corporation ("Cromogen"), moves *Ex Parte* for a Temporary Restraining Order enjoining Plaintiff, Judgment Debtor Earth Science Tech, Inc. ("EST") from disposing of its assets to avoid its obligations under the Court's judgment [DE 41], and submits this Memorandum of Law in support thereof.

**FACTUAL BACKGROUND**

Cromogen received an arbitral award against EST [DE 37]. The Award was issued by a panel of arbitrators who found that EST converted Cromogen's assets and tortuously interfered in its business relationship. [*Id.*].

The Court has confirmed the Award in full on December 12, 2018 [DE 41] and on December 14, 2018 issued a Final Judgment ordering EST to pay Cromogen the amount of $4,575,174.48 (excluding post-judgment interest). [DE 44].

Unbeknownst to Cromogen, while the 30-day stay of execution was in place, on January 11, 2019, EST purportedly entered into an agreement to transfer a majority of its interest in its wholly owned subsidiary, Kannabidioid, Inc. ("KBD"), a Florida corporation, to third parties.

[*See* Burd Decl. attached as **Exhibit 1**, ¶ 2]. Cromogen was not notified of the transfer and learned of it accidentally on January 24, 2019 from the filing made by EST with the United States Securities and Exchange Commission ("SEC"). [*Id*.]. The SEC filing included a copy of the agreement purportedly providing for the transfer of "95% of the [sic] all the issued and outstanding shares of stock in and to KBD and the resignation of any and all present officers and directors" to Aaron Decker and Derrick West. [*See* Burd Decl., Ex. "A," p. 3]. The agreement provides that a consideration for the transfer is "*symbolic* exchange of $10.00 in specie…" [*Id*.](emphasis added).

On multiple occasions, EST expressed its far-reaching business plans for KBD. In its press release dated July 6, 2017, EST announced a joint venture between KBD and Varsity Group LLC to "synergistically share resources as well as their patent pending Kanna Blend formula." [Burd Decl., Ex. "B"]. According to EST, the joint venture was to produce Kanna Blend-infused hemp derived, naturally occurring Cannabidiol based E-liquid/Sublingual and gummy edibles. [*Id*.]. EST described KBD as "the world's first to introduce a choice to the industry on whether customers want nicotine or an all-natural, non-addictive alternative to nicotine." [*Id*.]. EST's president, director, and COO, Nickolas S. Tabraue stated:

> [F]orming our new subsidiary we can now enter the recreational vape/smoke shop space with not just CBD but, a unique Kanna CBD blend giving us a niche in the market having us now compete with the likes of (OTC Pink: POTN), (OTC Pink: MJNA), (OTC Pink: MCOA), and (OTCQB: CBDS) while discovering and building new revenue streams. Forming KannaBidioid allows us to enter this space without damaging our medicinal ETST image that has been so successful for us. We are currently working on flavors and package design on both vape/e-liquids and gummy edibles, and look to launch within Q4 while updating our stakeholders as we progress.

According to its SEC filing for the quarterly period ending September 30, 2018, EST owned four subsidiaries: Nutrition Empire Co. Ltd., Earth Science Vapor, Earth Science Pharmaceutical Inc., and Kannabidioid Inc. [Burd Decl., Ex. "C," F-6]. EST reported that KBD sells a number of flavored oils that contain a blend of CBD derived from industrial hemp and kanna ("KBD"). [Burd Decl., Ex. "D," p. 8.] KBD is a fusion between the KannaBidioiD's patented blend of Kanna (Sceletium Tortuosum) and industrial Hemp. [*Id*.]. In sum, EST considered KBD as its valuable asset destined for future growth.

Based upon its SEC filings, EST has insufficient assets to satisfy the judgment. According to its quarterly report for the period ending on September 30, 2018, EST's total assets are $704,148 (not even 16% of the more than $4.5 million EST owes Cromogen under the judgment [DE 44]). [Burd Decl., Ex. "C," F-2]. Notably, while EST has filed a notice of appeal [DE 45], it failed to post a supersedeas bond to secure Cromogen's rights in the recovery on the judgment. Therefore, the transfer of KBD to third parties and potential further dissipation of assets threatens the possibility of full recovery of the judgment by Cromogen. Because the amount of judgment significantly exceeds declared assets of EST, dissipation of any assets will harm Cromogen.

After learning of the purported transfer of KBD stock, the undersigned counsel contacted counsel for EST requesting more information about the transfer and assurances that EST would not dissipate assets that are subject to execution. [Burd Decl., Ex. "E"]. EST's counsel has not responded as of the time of filing this *ex parte* motion.

116874578.v2

## **ARGUMENT**

Fed. R. Civ. Pro. 65 authorizes a district court to grant a temporary restraining order without notice to the adverse party if: "(i) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (ii) the movant's attorney certifies in writing the efforts made to give notice and the reasons why it should not be required."

In seeking a temporary restraining order the district courts also may consider whether: (i) the movant has a substantial likelihood of success on the merits; (ii) the movant lacks an adequate remedy at law; (iii) the threatened injury to the movant outweighs any harm that might result to the defendants by obtaining the order; and (iv) the public will not be disserved by the grant of the temporary restraining order. *See* Moore's Federal Practice and Procedure, Civil, § 65.36.

**A.     There Exists a Genuine Risk that Cromogen Will Suffer Immediate and Irreparable Loss of its Right in the Satisfaction of the Judgment if a Limited TRO is not Issued**

If the Court does not issue the requested TRO, there is a genuine risk that Cromogen will suffer immediate and irreparable loss of the right to recover on the judgment. As shown above, shortly after the judgment was issued, EST transferred the majority of shares of its wholly owned subsidiary to third parties for a "symbolic" exchange of $10.00. EST failed to inform Cromogen of the transfer. EST has limited assets to satisfy the judgment and further dissipation of assets will put recovery of the judgment rendered by the Court under risk. Given EST's rush to dispose of its corporate stock in KBD (which it touted as a promising line of business pre- judgment, and then sold post-judgment for a pittance), there is a high risk that EST is in the process of dissipating and secreting its assets to avoid paying the judgment. Accordingly, if EST is given advance notice of an injunction hearing, it is reasonable to believe that EST will expedite

dissipation of its assets—to the extent EST has not done so already—to place the assets beyond the reach of the Court and Cromogen. Were this to occur, Cromogen would be left with no avenue of recovery from EST—a company that admittedly has insufficient assets—resulting in irreparable loss to Cromogen. [Burd Decl., Ex. "C," F-2].

B.     All Four Factors for Issuing a TRO Militate in Favor of Cromogen

1.     There is a Substantial Likelihood Cromogen Will Succeed on the Merits of its Claims

Cromogen seeks to impose temporary restraining order to prevent EST from dissipating assets that are subject to levy and execution. It is axiomatic that a judgment creditor is entitled to execute on the property of the judgment debtor. Under Florida law, "[l]ands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution." Fla. Stat. § 56.061. When the debtor, as here, is a corporate judgment debtor, "the judgment creditor may have an execution levied on the current money as well as on the goods and chattels, lands and tenements of the corporate judgment debtor." Fla. Stat. § 56.09. Thus, Cromogen has the right to execute on a multitude of EST's assets, including EST's stock in KBD and other corporations.

2.     Cromogen Does Not Have an Adequate Remedy at Law and Will Suffer Irreparable Harm

Shortly before the judgment was issued, but before Cromogen was able to register its judgement lien, EST transferred to third parties its asset that would otherwise have been subject to levy and execution. If EST continues to dissipate its assets, it will have circumvented the obligations imposed by this Court, and render the judgment [DE 44] unrecoverable and inconsequential. This irreparable harm to Cromogen can be avoided only by the Court's issuance of a TRO and, upon hearing, an injunction, enjoining EST from transferring any funds or assets

that may be applied to satisfy the judgment under Florida law, until the execution process is complete. If EST is allowed to continue dissipating its assets, it will be more difficult or possibly impossible for Cromogen to execute on the assets that would otherwise be subject to levy and execution. Accordingly, the TRO and an ensuing injunction are necessary to preserve the *status quo*.[1]

### 3. EST Will Not be Harmed by the Issuance of a TRO

As discussed above, Cromogen will suffer irreparable harm if a TRO is not issued because of the potential dissipation of assets. On the other hand, EST will suffer no hardship whatsoever by the Court enjoining the dissipation of its assets, which by EST's SEC filing, total less than 16% of the debt due Cromogen under the judgment [DE 44].

### 4. The Public Interest Favors Granting a TRO

The public interest clearly favors expedient enforcement of court judgments to prevent absconding judgment debtors from secreting assets from judgment creditors. Granting a TRO will preserve the Court's ability to evaluate the parties respective interests and impose equitable relief and, in so doing, will promote the public interest in discouraging individuals and entities from purposely avoiding court judgments to benefit themselves. The public interest is served when a court takes steps to protect a party's ability to obtain relief by maintaining the *status quo* pending full satisfaction of a judgment.

---

[1] As soon as possible after filing of this motion, Cromogen intends to file a motion to impose an equitable lien and to provide other relief permitted by law with respect to the 95% stock of KBD that EST purported to transfer to third parties. On January 28, 2019, EST is also required to submit initial disclosures pursuant to the Information Form included in the judgment issued by the Court. [DE 44]. As soon as the form is received, Cromogen will be able to undertake additional steps to protect its interest in any of the EST's assets.

### C. A TRO of Limited Scope and Duration For the Purpose of Preserving the *Status Quo* is Supported by Case Law

A TRO, which under Fed. R. Civ. Pro. 65 is issued *ex parte* <u>without notice</u> to adverse parties, is warranted when notice to an adverse party would render fruitless the further prosecution of the action. *Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979). Here, Cromogen believes that advance notice to EST of an injunction prior to a TRO issuing would pose a genuine risk of EST dissipating its assets in a manner designed to preclude Cromogen from recovery.

The U.S. Supreme Court has held that "ex parte temporary restraining orders are no doubt necessary in certain circumstances" and are permissible where they "serve their underlying purpose of preserving the status quo and preventing irreparable harm… ." *Granny Goose Foods, Inc., et al., v. Brotherhood of Teamsters et al.*, 415 U.S. 423, 439 (1974).

In this instance, Cromogen seeks a TRO of limited scope (*i.e.*, only enjoin the distribution or dissipation of its funds and assets that are subject to garnishment, levy, and execution under Florida law) and limited duration (*i.e.*, only until the date Cromogen is in position to levy and execute against assets). The requested TRO would only have the effect of preserving the *status quo* to prevent the genuine risk of irreparable injury to Cromogen.

### **CONCLUSION**

For the foregoing reasons, Cromogen respectfully requests that this Court grant a TRO, without prior notice to EST, enjoining EST from distributing or dissipating its funds and assets, in an aggregate amount of $4,575,174.48 (excluding post-judgment interest), until the Court is able to hold an injunction hearing to determine whether Cromogen is entitled to an injunction during the pendency of execution proceedings. Cromogen requests that no bond, or bond in an

amount not higher than $1,000, be required in light of Cromogen's substantial likelihood of success on the merits and the amounts due and owing by EST under the judgment [DE 44].

### S.D. FLA. L. R. 7.1(A)(3) AND 7.3  CERTIFICATION

The Pre-filing Conference contemplated by Local Rule 7.1(a)(3) is inapplicable to this motion for injunctive relief. Nevertheless, as stated herein, counsel for Cromogen attempted to confer with counsel for ETS regarding Cromogen's concerns over ETS's transfer or disposition of assets prior to filing this motion, but without disclosing Cromogen's intent to file this *ex parte* motion.

### PROPOSED ORDER

Pursuant to L.R. 7.1(a)(2), a proposed order granting the relief sought by this motion is attached as **Exhibit 2**, and a copy will be sent to U.S. District Judge Robin L. Rosenberg by email to rosenberg@flsd.uscourts.gov per Rule 3(I)(6) of the CM/ECF Administrative Procedures.

Dated: January 25, 2019

 */s/ Ilan A. Nieuchowicz*
M. Derek Harris
Florida Bar No. 097071
dharris@carltonfields.com
Ilan A. Nieuchowicz
Fla. Bar: 0037156
ilan@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
CityPlace Tower
525 Okeechobee Blvd., Ste. 1200
West Palm Beach, FL 33401-6350
Ph: (561) 659-7070
Fax: (561) 659-9191

and

Gene M. Burd
DC Bar No. 100430*
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006
Tel: (202) 677-4048
Fax: (202) 677-4049
gene.burd@agg.com
*admitted *pro hac vice*
Attorneys for Defendant, Judgment Creditor,
CROMOGEN BIOTECHNOLOGY CORP.